Certified to be a true and correct
copy of original filed in this District
Dated: 04/05/2018
MARY L. MORAN, Clerk of Court
U.S. District Court of Oregon
By: /s Eric Oss
Pages 1 Through 3

# UNITED STATES JUDICIAL PANEL
# on
# MULTIDISTRICT LITIGATION

**IN RE: INTEL CORP. CPU MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION** MDL No. 2828

## TRANSFER ORDER

**Before the Panel**:* Plaintiffs in two Northern District of California actions move under 28 U.S.C. § 1407 to centralize this litigation in the Northern District of California. This litigation consists of five actions pending in four districts, as listed on Schedule A.[1] Plaintiffs in twenty actions and potential tag-along actions support the motion. Plaintiffs in eight of these potential tag-along actions and one additional potential tag-along action support centralization in the District of Oregon, as does defendant Intel Corporation. Plaintiffs in three potential tag-along actions suggest centralization in the Eastern District of New York.

On the basis of the papers filed and the hearing held, we find that centralization under Section 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All responding parties agree that the actions share factual issues arising out of allegations that Intel manufactured its computer processors to use "speculative execution" technology, which left the processors exposed to security vulnerabilities known as "Spectre" and "Meltdown," and that the fix for this problem can considerably slow the processors' speed. Centralization will eliminate duplicative discovery, prevent inconsistent pretrial rulings on class certification and other issues, and conserve the resources of the parties, their counsel, and the judiciary.

We find that centralization in the District of Oregon is appropriate. Defendant Intel and plaintiffs in at least nine related actions support centralization in that district. Intel has extensive operations there, including its employees who evaluated the security vulnerabilities and developed patches to mitigate them, as well as the team that led the development of the first Intel processor to

---

* Judge Ellen Segal Huvelle and Judge Lewis A. Kaplan took no part in the disposition of this matter. Additionally, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] The Panel also has been notified of 30 potentially-related actions pending in seven districts. These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1, and 7.2.

-2-

use speculative execution. It is likely, therefore, that relevant evidence and witnesses will be located in this district. Judge Michael H. Simon, located in Portland, is an experienced transferee judge who can steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that the actions listed on Schedule A and pending outside the District of Oregon are transferred to the District of Oregon, and, with the consent of that court, assigned to the Honorable Michael H. Simon for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

Marjorie O. Rendell        Charles R. Breyer
R. David Proctor          Catherine D. Perry

**IN RE: INTEL CORP. CPU MARKETING,**
**SALES PRACTICES AND PRODUCTS**
**LIABILITY LITIGATION**                                          MDL No. 2828

## SCHEDULE A

<u>Northern District of California</u>

GARCIA, ET AL. v. INTEL CORPORATION, C.A. No. 5:18-00046
REIS, ET AL. v. INTEL CORPORATION, C.A. No. 5:18-00074

<u>Southern District of Indiana</u>

JONES v. INTEL CORPORATION, C.A. No. 1:18-00029

<u>Eastern District of New York</u>

STERN v. INTEL CORPORATION, C.A. No. 1:18-00065

<u>District of Oregon</u>

MANN v. INTEL CORPORATION, C.A. No. 6:18-00028